UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWNE C. SHACKELFORD,<br><br>Plaintiff,<br><br>v.<br><br>VIRTU INVESTMENTS, LLC,<br><br>Defendant. | No. 2:16-cv-1601-TLN-EFB PS<br><br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); see also Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*

*Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, the allegations of plaintiff's first amended complaint[2] fail to state a claim. Plaintiff brings this action against defendant Virtu Investments, LLC, and all its officers, employees, agents, and stockholders, alleging claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*., and state law. ECF No. 3. The allegations, however, are too vague and conclusory to state a claim upon which relief may be granted. Plaintiff claims to be seeking $25 million from defendants due to "intentional infliction of additional ailments as well as intentional delay of ailment recovery & reemployment disruption [that] left plaintiff incapacitated to conduct home sale, clear up interest accruing pre-ailment debts, and successfully complete in progress employment retraining." *Id*. at 3. Plaintiff further alleges that defendants "made efforts to hide harm & sources to continue profiting by increased bodily harm, physical pain and financial malice to disabled Gulf War veteran." *Id*. at 4. Plaintiff also alleges that defendants modified documents and made dishonest statements to "induce physical pain and suffering" and exacerbate plaintiff's stress. *Id*.

These allegations are insufficient to state a claim for violation of the ADA. Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132. "To state a claim of disability discrimination under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or

---

[2] Prior to screening of the original complaint, plaintiff filed a first amended complaint pursuant to Fed. R. Civ. P. 15(a) (Permitting an amendment once as a matter of course within 21 days after the filing of a responsive pleading). Therefore, the court screens the first amended complaint.

discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

While plaintiff alleges that she is disabled, she fails to allege that defendants wrongfully denied her services, programs, or activities that she was otherwise qualified to receive on account of her disability. Accordingly, plaintiff fails to state a claim upon which relief may be granted.

Plaintiff also purports to assert tort claims of negligent and intentional infliction of emotional distress and a variety of other state law claims. But plaintiff has yet to assert a properly pleaded federal cause of action which precludes supplemental jurisdiction over the state law claims. Further, plaintiff fails to establish diversity of citizenship that could support diversity jurisdiction over the state law claims. As noted above, to establish diversity jurisdiction plaintiff must allege diverse citizenship of all parties. *Bautista*, 828 F.2d at 552. Although the amended complaint does allege that plaintiff is a citizen of California, it does not adequately allege Virtu Investments, LLC's state of incorporation or principal place of business.[3] *See* 28 U.S.C. § 1332(c)(1) (corporation is a citizen of both the state of incorporation and state where principal place of businesses located). Thus, plaintiff has failed to establish diversity jurisdiction over his claims.[4]

Accordingly, the amended complaint must be dismissed. However, plaintiff is granted leave to file an amended complaint. Any amended complaint must allege a basis for this court's jurisdiction, as well as a cognizable cause of action against a proper defendant and sufficient facts

---

[3] The amended complaint alleges that Virtu Investments, LLC's principal place of business is located in California, Colorado, Nevada, Texas, and "others." ECF No. 3 at 7. A corporation, however, can only have one principal place of business, which is located in the state "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010).

[4] Aside from the jurisdictional issue, plaintiff also fails to properly plead a state law claim because her allegations are too vague and conclusory to provide defendants fair notice of the basis for any of his claims. *See Twombly*, 550 U.S. at 554.

4

to support that cause of action. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly identify the claims asserted as to each defendant and set forth the factual allegations against that defendant(s) which give rise to a cause. It shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's first amended complaint is dismissed with leave to amend, as provided herein.

/////

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: October 4, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE