UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DAWNE C. SHACKELFORD, | No. 2:16-cv-1601-TLN-EFB PS |
|---|---|
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| VIRTU INVESTMENTS, LLC., | |
| Defendant. | |

The court previously granted plaintiff's request to proceed *in forma pauperis*, but dismissed her first amended complaint[1] with leave to amend pursuant to 28 U.S.C. 1915(e)(2).[2] ECF No. 3. After receiving an extension of time (ECF No. 6), plaintiff filed a second amended complaint (ECF No. 8). As explained below, the second amended complaint must also be dismissed for failure to state a claim.

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief

---

[1] Prior to screening the original complaint, plaintiff filed a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a).

[2] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The second amended complaint's allegations are difficult to follow. Liberally construed, the complaint alleges that plaintiff rented an apartment from defendant Virtu Investments, LLC ("Virtu") from November 2013 through February 2016. ECF No. 8 at 4. During that time, Virtu and its employees engaged in numerous acts to render plaintiff's apartment uninhabitable. To support that claim plaintiff makes a number of extravagant allegations. For instance, plaintiff alleges that in July 2015, Virtu secretly turned off the gas to her heating system with "knowledge [that] this health hazard was actively and repeatedly denied to plaintiff." *Id*. at 5. She also claims that gas "leaks were then used to continue carbon monoxide poisoning." *Id*. She further alleges that Virtu then began remodeling nearby apartments to interfere with plaintiff's ability to sleep. *Id*. at 6. Animal feces were also allegedly placed outside plaintiff's apartment, which created "a methane cloud enclosing [plaintiff's] unit" and "causing a vision removing bacterial eye

infection." *Id*. Plaintiff also alleges that "staff conducted sexual assaults through bathroom windows, home trespassing through fence climbing, and home invasions barging across the threshold to install more sleep depriving equipment . . . ." *Id*. She claims that these acts were performed to constructively evict her in violation of the Americans with Disabilities Act ("ADA") and the Servicemembers Civil Relief Act ("SCRA").

It is not entirely clear which individuals or entities plaintiff intends to name as defendants. The operative complaint's caption page only lists Virtu as a defendant. But the complaint also references "other named defendants Reed, Woods, and Barreth" and "the Oregon Defendants listed as Portland VRE and NABVETS counselors." *Id*. at 1, 7, 10. The complaint, however, is devoid of any specific factual allegations concerning these other individuals and/or entities.[3]

More significantly, the second amended complaint's allegations are insufficient to state a claim under the ADA or the SCRA. "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). The only remedy available under Title III of the ADA is injunctive relief. *See* 42 U.S.C. § 12188(a)(1). Plaintiff alleges that she moved out of the apartment complex operated by Virtu in 2016. Accordingly, there is no significant possibility that plaintiff will be further subjected to the harm alleged in the second amended complaint. *See San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir.1996) (to establish Article III standing to seek injunctive relief, plaintiff must demonstrate, among other things, "a very significant possibility of future harm; it is insufficient for them to demonstrate only a past injury.").

Plaintiff's allegations also demonstrate an inability to state a cognizable claim under SCRA. The purpose of the SCRA is "to enable [servicemembers] to devote their entire energy to

---

[3] Ascertaining the proper defendant is further muddled by documents plaintiff filed subsequent to submitting the second amended complaint. ECF No. 11-13. The three documents, which do not contain any additional factual allegation, appear to be intended to provide contact information for additional parties who plaintiff seeks to join as defendants. *Id*.

the defense needs of the Nation." 50 U.S.C. § 3902. To promote that objective, The SCRA imposes "limitations on judicial proceedings that [can] take place while a member of the armed forces is on active duty, including insurance, taxation, loans, contract enforcement, and other civil actions." *Brewster v. Sun Trust Mortg., Inc.*, 742 F.3d 876 (9th Cir. 2014). Plaintiff does not allege that she is on active military duty; instead, she specifically alleges that she "is a disabled gulf war era veteran . . . ." ECF No. 8 at 1. Accordingly, the SCRA is not applicable.

Lastly, it appears plaintiff attempts to assert a claim under Title 18 of the United States Code. ECF No. 8 at 8 (alleging that "18 USC applies because these assaults (brain, vision, lung ect. Damage) were conducted while plaintiff was a volunteer federal employee . . . ."). But plaintiff does not identify the specific provision of Title 18 that defendants allegedly violated.

Accordingly, the amended complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2). Further, the court finds that granting further leave to amend would be futile. Plaintiff has already been afforded an opportunity to amend, and her allegations continue to fall far short of stating a cognizable claim. Consequently, it is recommended that the dismissal be without further leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby RECOMMENDED that plaintiff's second amended complaint (ECF No. 8) be dismissed without leave to amend for failure to state a claim and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

4

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2019.

　　　　　　　　　　　　　　　　　/s/ Edmund F. Brennan
　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE