UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWNE C. SHACKELFORD,<br><br>Plaintiff,<br><br>v.<br><br>VIRTU INVESTMENTS, LLC,<br><br>Defendant. | No. 2:16-cv-01601-TLN-EFB<br><br>**ORDER** |

Plaintiff Dawne C. Shackelford ("Plaintiff"), proceeding *pro se*, brings the instant action. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California Local Rule 302(c)(21).

On October 3, 2019, the magistrate judge filed findings and recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 15.) On October 17, 2019, Plaintiff filed Objections to the Findings and Recommendations. (ECF No. 16.)

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. *See Orand v. United*

| | |
|---|---|
| 1 | *States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are |
| 2 | reviewed *de novo*.  *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). |
| 3 | Having carefully reviewed the entire file under the applicable legal standards, the Court |
| 4 | finds the Findings and Recommendations to be supported by the record and by the magistrate |
| 5 | judge's analysis. |
| 6 | The magistrate judge recommended dismissal on the basis that Plaintiff fails to allege |
| 7 | facts showing the Americans with Disabilities Act[1] ("ADA") applies because Plaintiff no longer |
| 8 | lives at the apartment complex that is the subject of her claims (and therefore cannot establish |
| 9 | entitlement to injunctive relief).  (ECF No. 15 at 3.)  Similarly, the Findings and |
| 10 | Recommendations find Plaintiff fails to allege facts that the Servicemembers Civil Relief Act[2] |
| 11 | ("SCRA") applies because Plaintiff is not on active military service but is a "retired Gulf war |
| 12 | veteran."  (ECF No. 15 at 4.) |
| 13 | Plaintiff objects to the recommendation to dismiss her Second Amended Complaint with |
| 14 | prejudice because, Plaintiff asserts, she could add allegations of continuing harm caused by |
| 15 | unnamed defendants.  (ECF No. 16 at 1.)  Plaintiff does not, however, provide the proposed |
| 16 | allegations or identify what harm will be alleged.  Further, the Court finds Plaintiff's proposed |
| 17 | amendments would not cure the inherent defects in her ADA or SCRA claims.  Indeed, Plaintiff |
| 18 | does not object to the findings that the allegations in her complaint establish the ADA and SCRA |
| 19 | are inapplicable to her claims.  Therefore, Plaintiff fails to indicate that further amendment could |
| 20 | cure the defects identified in the Findings and Recommendations.  Accordingly, Plaintiff's |
| 21 | objections are overruled. |

---

[1] To prevail on a Title III discrimination claim under the ADA, Plaintiff must show: (1) she is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied public accommodations by Defendant because of her disability. (*See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).)  Further, the only remedy available under Title III of the ADA is injunctive relief. (42 U.S.C. § 12188(a)(1).)

[2] Claims under the SCRA apply to provide limitations on judicial proceedings to enable a servicemember to devote her entire energy to the defense needs of the Nation "while a member of the armed forces is on active duty…" (*See* 50 U.S.C. § 3902; *Brewster v. Sun Trust Mortg., Inc.*, 742 F.2d 867 (9th Cir. 2014).)

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed October 3, 2019 (ECF No. 15), are adopted in full;

2. Plaintiff's Second Amended Complaint (ECF No. 8) is DISMISSED, without leave to amend, for failure to state a claim; and

3. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: December 2, 2019

Troy L. Nunley
United States District Judge